IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENISE FAYE BARTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CV-461-PJC |
| ) | |
| **MICHAEL J. ASTRUE,** Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is Plaintiff Denise Faye Barton's ("Barton") Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. #30). Barton's counsel ("Counsel") seeks approval of an attorney fee award of $8,201.88 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Barton and her counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed that she does not object to an additional fee award. (Dkt. #31) The Motion is **GRANTED** as provided herein.

Barton appealed the administrative denial of her application for Social Security benefits to this Court. By Order of this Court, the administrative denial of Plaintiff's application for benefits was reversed and remanded to the Commissioner for further administrative proceedings. (Dkt. ## 20 & 21). On October 7, 2009, the Court granted Barton's application for an award of $5,789.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for the work counsel performed before the Court. (Dkt. #25). The EAJA award was paid by the Social Security Administration at no cost to Plaintiff.

Upon remand to the Commissioner, Barton received a fully favorable decision by the Administrative Law Judge ("ALJ") dated January 28, 2010, finding that she had been disabled since

November 5, 2005, her alleged onset date of disability. On April 21, 2010, the Commissioner notified Barton that she had $32,807.52 in past due disability insurance benefits ("DIB"). Counsel agrees that the smaller award - the Section 406(b) award granted pursuant to Plaintiff's Motion, or the previously-granted EAJA fees -will be refunded to Plaintiff. Counsel filed a certificate of notice to Barton of his requested fee and Barton did not object to the request. (Dkt. #31). Counsel, accordingly, is requesting an award of $8,201.88, representing the withheld amount of 25% of the total past-due benefits to Barton.

Defendant Commissioner declines to assert a position on Barton's motion, noting that he is not the true party in interest. *Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n. 6 (2002) (The Commissioner "has no direct financial stake in the answer to the §406(b) question; instead, [he] plays a part in the fee determination resembling that of a trustee for the claimants.").

When a claimant appeals to court and is successful, the attorney representing the claimant can be awarded fees for work before the court, up to 25% of the past due benefit award. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933 (10th Cir. 2008) (citing 42 U.S.C. § 406(b)(1)(A)). The court must review a request for fees as an independent check that they are reasonable in a particular case. *Gisbrecht,* 535 U.S. at 808.

The Court concludes that a fee award of $8,201.88 is reasonable. That amount is consistent with the contract between Counsel and Barton and is within the statutory limits of Section 406(b). Counsel spent 32.9 hours on the work before this Court, and the requested fee award yields an hourly rate of approximately $369.14/hour ($8,201.88 ÷ 32.9 hours = $249.30/hour). While this amount is high, it is not a windfall that should be downwardly adjusted by the Court pursuant to *Gisbrecht*. Contingency fee contracts often result in a higher hourly fee recovery than a non-

contingent hourly fee would produce, but that is because contingency fee contracts have the risk that there will be no fee recovery, and the possibility of a higher recovery balances the risk of no recovery. Additionally, when the amount of the EAJA fee award, $5,789.00, is returned to Plaintiff in accordance with *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986), the net result is a fee that is an out-of-pocket expense to Plaintiff of $2,412.88 ($8,201.88 - $5,789.00 = $2,412.88), for an hourly rate of approximately $188/hour and only 7.35% of her total retroactive benefits ($2,412.88 ÷ 32,807.52 = 7.35%).

The Court finds $8,201.88 is a reasonable attorney fee and is hereby awarded to Plaintiff's Counsel. Upon receipt of payment, Counsel is required to refund to Plaintiff the EAJA fee award of $5,789.00, pursuant to *Weakley*.

IT IS SO ORDERED, this 16th day of August, 2010.

_____
Paul J. Cleary
United States Magistrate Judge